IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. |
| v. | UNITED STATES' MOTION FOR ISSUANCE OF WARRANT OF ARREST *IN REM* |
| ALL FUNDS ON DEPOSIT OR FORMERLY ON DEPOSIT AT CITIBANK ACCOUNT xxxx3031 IN THE NAME OF JEC CONSTRUCTION / HELENE STEELE, AND ALL FUNDS TRACEABLE THERETO, NOT TO EXCEED $4,924,744.59 IN UNITED STATES CURRENCY, | |
| Defendant. | |

The United States of America, pursuant to 18 U.S.C. § 981(b)(2)(A) and Rule G(3)(b)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, hereby moves for an order directing the Clerk to issue a Warrant of Arrest *in Rem* for ALL FUNDS ON DEPOSIT OR FORMERLY ON DEPOSIT AT CITIBANK ACCOUNT xxxx3031 IN THE NAME OF JEC CONSTRUCTION / HELENE STEELE, AND ALL FUNDS TRACEABLE THERETO, NOT TO EXCEED $4,924,744.59 IN UNITED STATES CURRENCY (account balance as of January 31, 2026, is believed to be approximately $4,856,578.51 pursuant to subpoenaed bank records) (hereafter "Defendant Asset").  In support of its motion, the United States submits the following memorandum of law:

1

## MEMORANDUM OF LAW

**I.**   **Background**

1.      The United States has filed a verified civil complaint *in rem* seeking to forfeit United States currency not to exceed $4,924,744.59 held in Citibank account number xxxxx3031. The complaint establishes the legal and factual basis supporting the forfeiture of the Defendant Asset.

2.      As required by Supplemental Rule G(2)(f), the facts set forth in the complaint, and its attachment, support a reasonable belief that the United States will be able to meet its burden of proof at trial; specifically, that the United States will be able to prove by a preponderance of evidence that the Defendant Asset constitutes, or is derived from, proceeds traceable to a wire fraud, or involved in money laundering, and are thus subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

**II.**   **Legal Authority**

3.      Supplemental Rule G(3)(b)(ii) provides that if property is (1) subject to forfeiture in a civil forfeiture case, (2) not in the Government's possession, custody, or control, and (3) not subject to a judicial restraining order, the Court, upon a finding of probable cause, must issue a warrant to arrest the property.

4.      The facts set forth in the Verified Complaint and the accompanying Declaration demonstrate that probable cause exists to believe that the Defendant United States currency is subject to forfeiture because it is proceeds traceable to a wire fraud (18 U.S.C. § 1343), and also property involved in a money laundering offense (18 U.S.C. §§ 1956 or 1957).  See United States v. Beltramea, 849 F.3d 753, 757-59 (8th

Cir. 2017) (explaining that facilitation of money laundering "occurs when the property makes the prohibited conduct less difficult or more or less free from obstruction or hindrance") (internal quotations omitted).  Deposits are involved in money laundering if the monies are commingled.  United States v. Huber, 404 F.3d 1047, 1058 (8th Cir. 2005) (lawfully obtained funds were properly included in the forfeiture judgment when the transactions involved both illegitimate proceeds and legitimate funds).  "[F]acilitation under section 982(a)(1)'s 'involved in' clause is geared at the forfeitability of instrumentalities, including funds in some cases, that facilitate (or promote) the *money-laundering transactions*."  Id. at 1061 (emphasis in the original).  "Facilitating funds can be forfeited even if they were not part of the money-laundering transaction."  Id.

## III.    Conclusion

5.    The United States requests, pursuant to Supplemental Rule G(3)(b)(ii), that the Court find that there is proof by a preponderance of the evidence to believe that Defendant Asset is subject to forfeiture and instruct the Clerk to issue the proposed warrant of arrest *in rem* directing the Federal Bureau of Investigation [or any other duly authorized law enforcement officer] to seize the following the Defendant United States currency described below:

- ALL FUNDS ON DEPOSIT OR FORMERLY ON DEPOSIT AT CITIBANK ACCOUNT xxxx3031 IN THE NAME OF JEC CONSTRUCTION / HELENE STEELE, AND ALL FUNDS TRACEABLE THERETO, NOT TO EXCEED $4,924,744.59 IN UNITED STATES CURRENCY

Further, the United States requests that the original warrant be delivered to the United States Attorney, who will arrange for service of process pursuant to law.

Dated:  March 27, 2026

NICHOLAS W. CHASE
United States Attorney

By:  */s/ Jonathan J. O'Konek*
JONATHAN J. O'KONEK
Assistant United States Attorney
ND Bar ID 06821
P.O. Box 699
Bismarck, ND 58502-0699
(701) 530-2420
jonathan.okonek@usdoj.gov
Attorney for United States